Muhammad Leach, Pro Se Plaintiff          FILED: _____
DC# FW-9448
1 Kelley Drive
Coal Township, PA 17866

IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA - MIDDLE DISTRICT

FILED
SCRANTON
AUG 1 3 2020
PER _____
DEPUTY CLERK

MUHAMMAD LEACH,                    )
                    PLAINTIFF      )
                                   )
                                   )
                                   )
Vs.                                )      CIVIL  RIGHTS  ACTION  NO.
                                   )
                                   )
                                   )
PENNSYLVANIA DEPARTMENT OF CORRECTIONS;  )
KATHLEEN A. BISCOE, CORR UNT MGR;   )
ROBERT W. KELLEY, CORR FOOD SERV MGR 1;  )      JURY TRIAL DEMANDED
JACOB S. DAVIS, CORR FOOD SERV INSTR;    )
DIANE A. DAYA, CORR FOOD SERV INSTR;     )
NEIL ALAN INCH/DIORIO, CORR FOOD SERV INSTR  )
                    DEFENDANT(S)    )
                                   )      C O M P L A I N T

## INTRODUCTION

1. This is a civil rights action filed by MUHAMMAD LEACH ("Named Plaintiff"), a state prisoner, for damages pursuant to 42 U.S.C. § 1983, alleging retaliation and due process violation where, after Plaintiff filed a grievance for not allowing him to pray at his job site, prison officials falsified a misconduct report against Plaintiff, denied Plaintiff an adequate misconduct hearing, and removed Plaintiff from his dietary work assignment. Plaintiff avers that such actions amount to a direct violation of his right to be free and protected from retaliation for exercising right to file a grievance, which is fundamentally, and consitutionally protected by the First Amendment to the United States Constitution.

## JURISDICTION

2. This Court has jurisdiction to hear Plaintiff's claims of violations of his federal constitutionally protected right pursuant to 42 U.S.C. §§ 1331 (1)

(federal question jurisdiction) and 1343 (civil-right jurisdiction).

3. This Court has supplemental jurisdiction over Plaintiff's State Tort Claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff's claims for declaratory and injunction relief against the Defendants are authorized by 28 U.S.C. §§ 2201, 2202 (declaratory relief); and 28 U.S.C. §§ 2283, 2284.

## VENUE

5. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 (b) (2). The totality of events and/or omissions giving rise to Plaintiff's claims occurred in Coal Township, which is located in the Middle District of Pennsylvania. See 28 U.S.C. § 118.

6. Venue is also proper pursuant to 28 U.S.C. § 1391 (b) (1), because all Defendants are domicile in the Commonwealth of Pennsylvania, and at least one Defendant is domiciled in Coal Township.

## PARTIES

I. The Plaintiff

7. Plaintiff Muhammad Leach was made to enter the State Correctional Institution at Coal Township (Referred to herein as SCI Coal) on June 20, 2019.

8. Plaintiff was, and still is, being housed at the said institution during the events described in the complaint.

II. Defendants

9. Defendant Kathleen Biscoe is a Correctional Unit Manager employed at SCI-Coal. She is in charge of conducting Informal Disciplinary Hearings and Support Team Hearings as needed and in compliance with established Pennsylvania Department of Correction and SCI-Coal policy. She is in charge of the supervision and discipline of prison officials and staff members. Defendant Biscoe is being sued in her individual capacity.

10. Defendant Robert Kelley is a Correctional Food Service Manager employed at SCI-Coal. He is in charge of conducting departmental staff meetings and attends administrative meetings to discuss departmental and institutional programs and goals, work conditions, and personnel and labor relations problems. He is in charge of the supervision and discipline of prison officials and staff members. Defendant Kelley is being sued in his individual capacity.

11. Defendant Jacob Davis is a Correctional Food Service Instructor employed at SCI-Coal. He is in charge of instructing inmates on an on-going basis through on-the-job vocational training in the area of work assignment. He is enforces custody and security regulations, and maintains work records and inmate reports. Defendant Davis is being sued in his individual capacity.

12. Defendant Diane Daya is a Correctional Food Service Instructor employed at SCI-Coal. She is in charge of instructing inmates on an on-going basis through on-the-job vocational training in the area of work assignment. She is in charge of enforcing custody and security regulations, and maintaining work records and inmates reports. Defendant Daya is being sued in her individual capacity.

13. Defendant Neil Inch-Diorio is a Correctional Food Service Instructor employed at SCI-Coal. He is in charge of instructing inmates on an on-going basis through on-the-job vocational training in the are of work assignment. He is in charge of enforcing custody and security regulations, and maintaining work records and inmate reports. Defendant Inch-Diorio is being sued in his individual capacity.

## FACTS

14. On September 24, 2019, while Plaintiff was praying in the Dietary Department, Defendant Davis approached Plaintiff and told Plaintiff that he was not allowed to pray on the work site.

15. Plaintiff explained to Defendant Davis that he works from 5:00 am to 1:00 pm and that the time for prayer enters while he is on the job site.

16. Plaintiff explained to Defendant Davis that as a muslim it is an obligation upon Plaintiff five daily prayers at fixed times.

17. Defendant Davis told Plaintiff that he is aware of the tenets of the muslims' faith, and that even still Plaintiff is not allowed to pray on the job site.

18. On October 14, 2019, Plaintiff wrote a grievance against Defendants Kelley and Davis and the Dietary Department for refusing to allow Plaintiff to pray on job site.

19. Defendant Inch-Diorio told Plaintiff that since Plaintiff wrote a grievance against Defendants Kelley and Davis and is still litigating, removal from the dietary work assignment is warranted.

20. Plaintiff and Defendant Inch-Diorio approached Defendant Kelley in the supervisor's office.

21. Plaintiff informed Defendant Kelley that Plaintiff feared that Defendant Inch-Diorio and other dietary staff would retaliate against Plaintiff for writing a grievance. Defendant Kelley told Plaintiff that he would speak to Defendants Inch-Diorio and Davis and other dietary staff about Plaintiff's concerns.

22. Defendant Kelley ordered Plaintiff not to return to work until the issues presented in Plaintiff's grievance are resolved.

23. On November 5, 2019, Defendant Daya falsified disciplinary charges against Plaintiff inside a DC 141 Misconduct Report for refusal to work.

24. Defendant Daya told Plaintiff that since Plaintiff likes to file grievances, Plaintiff has to take the misconduct report up with Defendant Biscoe.

25. On November 8, 2019, Defendant Biscoe conducted an Informal Resolution Hearing for the DC 141 Misconduct Report that Defendant Daya falsified against Plaintiff for refusal to work.

26. Upon conducting the Informal Resolution Hearing, Defendant Biscoe asked Plaintiff how does Plaintiff plea against the disciplinary charges filed against him for refusal to work.

27. Plaintiff asked Defendant Biscoe to dismiss the misconduct report and to exonerate Plaintiff of the charge of refusal to work.

28. Plaintiff explained to Defendant Biscoe that Defendant Daya falsified the disciplinary charge against Plaintiff.

29. Plaintiff further explained to Defendant Biscoe that Plaintiff never refused to work; but instead, Defendant Kelley ordered Plaintiff not to return to work until the issues presented in Plaintiff's grievance are resolved.

30. Plaintiff assured Defendant Bisoce that if she contacts Defendant Kelley, Defendant Kelley would state to Defendant Biscoe that he indeed ordered Plaintiff not to return to work and that Plaintiff did not refuse to work.

31. Defendant Bisoce contacted Defendant Kelley and Defendant Kelley confirmed that Plaintiff did not refuse to work; but instead, ordered by Defendant Kelley not to return to work.

32. After Defendant Biscoe had spoken with Defendant Kelley, Plaintiff requested that the misconduct report be dismissed and that Plaintiff be exonerated of the charge of refusal to work.

33. Defendant Biscoe decided that "No Action Will Be Taken."

34. On December 9, 2019, while Plaintiff's grievance was still pending a response, Tabb Bickell, Executive Deputy Secretary of Institutional Operations, sent a memo to Defendant Kelley addressing the legal requirement to accommodate inmate prayer on the job site.

35. Defendant Kelley then permanently removed Plaintiff from the dietary work assignment where Plaintiff was being paid for 8 hours at the rate of $0.42.

Plaintiff was later reassigned to Electrical Maintenance where Plaintiff is being paid for 7 hours at the rate of $0.42.

CONSTITUTIONAL VIOLATIONS
AND CLAIMS FOR RELIEF

Denying Plaintiff The Right TO Freedom Of Expression
And Due Process Where Prison Officials Retaliated
Against Plaintiff For Filing A Grievance

36. The actions and/or inactions of Defendant Biscoe were in retaliation to Plaintiff filing a grievance and contributed to and proximately caused Plaintiff's injuries wherein Defendant Biscoe repeatedly ignored and failed to correct an obvious constitutional violation. Defendant Biscoe's actions and/or inactions amounted to denial of freedom of expression and due process, which is in direct violation to the First Amendment to the U.S. Constitution. See Paragraph Lines 25 - 33.

37. The actions and/or inactions of Defendant Kelley were in retaliation to Plaintiff filing a grievance and contributed to and proximately caused Plaintiff's injuries wherein Defendant Kelley repeatedly ignored and failed to correct an obvious constitutional violation. Defendant Kelley's actions and/or inactions amounted to denial of freedom of expression and due process, which is in direct violation to the First Amendment to the U.S. Constitution. See Paragraph Lines 18 - 22; 29 - 35.

38. The actions and/or inactions of Defendant Davis were in retaliation to Plaintiff filing a grievance and contributed to and proximately caused Plaintiff's injuries wherein Defendant Davis repeatedly ignored and failed to correct an obvious constitutional violation. Defendant Davis's actions and/or inactions amounted to denial of freedom of expression and due process, which is in direct violation to the First Amendment to the U.S. Constitution. See Paragraph Lines 1 - 21.

39. The actions and/or inactions of Defendant Daya were in retaliation to Plaintiff filing a grievance and contributed to and proximately caused Plaintiff's injuries wherein Defendant Daya repeatedly ignored and failed to correct an obvious constitutional violation. Defendant Daya's actions and/or inactions amounted to denial of freedom of expression and due process, which is in direct violation to the First Amendment to the U.S. Constitution. See Paragraph Lines 23 - 33.

40. The actions and/or inactions of Defendant Inch-Diorio were in retaliation to Plaintiff filing a grievance and contributed to and proximately caused Plaintiff's injuries wherein Defendant Inch-Diorio repeatedly ignored and failed to correct an obvious constitutional violation. Defendant Inch-Diorio's actions and/or inactions amounted to denial of freedom of expression and due process, which is in direct violation to the U.S. Constitutional. See Paragraph Lines 19 - 21.

## EXHAUSTING ADMINISTRATIVE REMEDIES

### Plaintiff Exhausted Administrative Remedies With Respect To All Claims And Defendants

41. On October 14, 2019, Plaintiff filed an Initial Grievance. See attached Grievance No. 829861.

42. On November 19, 2019, following an inadequate investigation, the Initial Grievance was erroneously denied by Defendant Kelley. See attached Initial Grievance Response to Grievance No. 829861.

43. On December 3, 2019, Plaintiff filed a Grievance Appeal to SCI-Coal Facility Manager. See attached Grievance Appeal to Facility Manager No. 829861.

44. On December 9, 2019, SCI-Coal Facility Manager upheld the initial response. See attached Facility Manager's Appeal Response No. 829861.

45. On December 15, 2019, Plaintiff filed a Grievance Appeal to Chief Grievance Officer for Final Review. See attached Grievance Appeal to Final Review No. 829861.

46. On January 9, 2020, Chief Grievance Officer upheld the initial response and denied appeal for final review. See attached Grievance Appeal to Final Review No. 829861.

47. On February 27, 2020, Plaintiff filed an Initial Grievance. See attached Grievance No. 854220.

48. On March 3, 2020, following an inadequate investigation, the Initial Grievance was erroneously denied by A. Luscavage. See attached Initial Grievance Response to Grievance No. 854220.

49. On March 19, 2020, Plaintiff filed a Grievance Appeal to SCI-Coal Facility Manager. See attached Grievance Appeal to Facility Manager No. 854220.

50. On March 24, 2020, SCI-Coal Facility Manager upheld the initial response. See attached Facility Manager's Appeal Response No. 854220.

51. On March 26, 2020, Plaintiff filed a Grievance Appeal to Final Review to Chief Grievance Officer. See attached Grievance Appeal to Final Review No. 854220.

52. On April 21, 2020, Chief Grievance Officer upheld the initial response and denied appeal for final review. See attached Final Appeal Decision No. 854220.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests from this Court the following:

a. For an entry of judgment declaring Defendants' policies, practices, and customs as unconstitutional under the Freedom of Expression, and Due Process Clause of the First Amendment to the U.S. Constitution.

b. For an entry of judgment declaring the Department of Corrections and all the parties liable for the above-described unconstitutional policies, practices, and customs.

c. For an award of $ 75,000.00 in compensatory damages jointly and severally against each Defendant.

d. For an award of $125,000.00 in punitive damages jointly and severally against each Defendant.

e. For an award of Attorney's fee, costs, and expenses in this action pursuant to 42 U.S.C. § 1988 (b).

f. For a jury trial on all issues triable by jury.

g. For an immediate transfer to SCI-Phoenix.

h. For further legal and equitable relief as this Court may deem just and proper.

Respectfully Submitted,

Muhammad Leach,
Pro Se Plaintiff
FW-9448
1 Kelley Drive
Coal Township, PA 17866

DC-804
Part 1



**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
*829861*
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Patricia A. Kelley | SCI-Coal Township | 10/14/19 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| Muhammad Leach      FW-9448 | *Muhammad Leach* | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| AM Dietary | DA-2059 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

This grievance is being filed due to the Dietary Department's refusal/denial to allow me to pray. I am a sincere, devoted Muslim. This fact is well confirmed/supported by Pa.D.O.C Records. As a Muslim I am required to pray 5 times per day. However, I am being told by the Dietary Department I cannot pray at all within the Dietary. I am forced to work from 5:00am to 1:00pm, which I don't have any problems with. But the most important prayer comes in at that time. These prayers come in on down time, in that "Main Line" is **not** running, nor am I placing extra work upon another Inmate while I pray because the first prayer comes in while Dietary workers are eating breakfast "Early Line", and 90% of the workers are just sitting in Dining Hall one eating or just doing nothing. I just want to be afforded my Constitutionally Protected Right of the First Amendment to the United States Constitution, under **The Free Exercise Clause**, pertaining to religion. I do not seek special treatment or accommodations, nor am I asking to be permitted to leave and return (to and from) the Dietary for prayer. Nor am I seeking "group" activity. Nor am I asking for a designated area to pray. I just want to be able to pray, during down time, out of the way or pathway of other Inmates, meaning to the side where I won't be obstructing anyone or interfering with someone's work area. Nut most of all I'll be alone. I don't seek any other Muslim to pray with me. This request is reasonable, it does not seek special treatment. I just want five min. to pray during down time.
**Relief Sought:** Monetary Compensation for interference and/or transfer to SCI-Phoenix.

B. List actions taken and staff you have contacted, before submitting this grievance.

I spoke to the Dietary Supervisors, and was told that I alone still can't pray because other Muslims will want to pray as well, and group activity is prohibited, but I've told them time after time I would pray alone, out of the way of other Inmates. I was still denied.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

*X Kelley*                                          *10/15/19*

Signature of Facility Grievance Coordinator                    / Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy



# Initial Review Response

SCI Coal Township
1 Kelley Dr
Coal Township, PA, 17866-1020

11/19/2019 03:49

| Inmate Name: | LEACH, MUHAMMAD | DOC #: | FW9448 |
| Facility: | Coal Township | Unit Location: | D |
| Grievance #: | 829861 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer.  The response is as follows:

### Decision: Grievance Denied

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance.  This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

As per the inmate handbook, in an effort to maintain the good order of the facility, inmates may not gather with other inmates for religious purposes outside those activities formally approved and facilitated by the Religious Services Department, unless express written permission is granted by the Facility Manager in consultation with the Religious Services Administrator.

Also as per the inmate handbook, inmates may only engage in individual devotional practices in the privacy of their cells/dormitory quarters.

Additionally, information was provided to me by Rev. Akinbode that inmates cannot pray in the work area. If anyone misses prayer due to a genuine reason (which work is inclusive), they can make up for it later by praying at their convenience.

As for your contention of being 'forced' to work from 0500-1300, this is not correct. If you wish to request a shift change please let me know and we will make every effort to accommodate your request. If you wish to request a job in another department, you should send a request to Inmate Employment.

Your request for monetary compensation and/or a transfer are denied.

I find this grievance resolved.

| Signature: | |
| Name: | R. Kelley |
| Title: | FSM |
| Approver: | W. Nicklow |
| Date: | 11/19/19 |

CC:  Facility Grievance Coordinator
     DC-15

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**          Issued: 1/26/2016  Effective: 2/16/2016

FW9448    Grievance #:829861

SCI COAL TOWNSHIP
APPEAL TO FACILITY MANAGER
GRIEVANCE

FW 9448  Muhammad Leach      DB 2042      Dec. 3rd, 2019      # 829861      # 829861

APPEAL STATEMENT

This grievance is being filed against dietary Supervisor Mr. R. Kelley due to fraud by misrepresented matter of facts. In Mr. Kelley's response, he states: "Additionally, information was provided to me by Rev. Akinbode that inmates cannot pray in the work area. If anyone misses prayer due to a genuine reason (which work is inclusive), they can make up for it later by praying at their convenience.

However, Mr. Kelley elected to bypass Imam Ali, and go to the reverend. I'm muslim, not christian. This institution has a muslim chaplain who would have provided Mr. Kelley with the following: (See Attachment "A"). "An explanation of the conditions, pillars and requirments of prayer", which details a muslim's requirement of 5 prayers daily. It is also not permissible to delay them past their proper times.(Highlighted within Attachment). Mr. Kelley deliberatily ignored that fact that I stated within my initial grievance that I never requested to have "Group" prayers, I simply wanted to step aside, out of the way and pray.

Mr. Kelley then suggest that I change work shifts, or get a job change. This is of no value due to their being 5 daily prayers, I am required to pray no matter what shift or job that i work but moreso, I would be forced to take a lesser paying job, or shift due to my religious choice. Furthermore, Mr. Kelley's unreasonable request for an extention of time to respond, went past the 10 day period he requested. Mr. Kelley's actions were of a retaliatory conduct /nature. Mr. Kelley informed me not to report to work (Since 9/24/19 to present date). However, I received a misconduct from Ms. Daya, and had an informal hearing with Unit Manager Ms. Biscoe, wherein No action was taken against me. However, I have not been permitted to work and earn anything to support myself in prison. I do not get paid for remaining on the housing unit, per Mr. Kelley's direct order. Ms. Daya claims that I refused to report to work, this is untrue, as it was a direct order not to report to work by Mr. Kelley. I never refused to work at any point of my incarceration. I filed my grievance in "Good Faith", yet I have been subjected to retaliation for the filing of my initial grievance. Therefore, I am now seeking the following relief:

1) Full compensation for all days absent from work, due to the direct order from Mr. Kelley not to report to work. At the full pay rate (hourly) as well as at rate (.42)

2) Full compensation for the retaliatory conduct /actions by Mr. Kelley in the form of $5,000 and /or an immediate transfer to SCI Pheonix. As I feel as if there is a "Target" that has been placed on me by Mr. Kelley and the dietary staff.

3) To be free from further retaliation against me for being and exercising my right as a devoted muslim. Wherein I have done no wrong, nor disrupted any dietary functions in any manner.

As in an act of good faith, I present to you the following:
1. Attachment "A".
2. See:  Free Exercise Clause  of the First Amendment and, the Religious Land Use and
              Institutionalized Persons Act (RLUIPA).
              Washington v. Klem, 497 F.3d 272,277 (3d Cir. 2007).

*92*



# Facility Manager's Appeal Response

SCI Coal Township
1 Kelley Dr
Coal Township, PA, 17866-1020

12/09/2019 11:52

| Inmate Name: | LEACH, MUHAMMAD | DOC #: | FW9448 |
|---|---|---|---|
| Facility: | Coal Township | Unit Location: | D/B -2042-02 |
| Grievance #: | 829861 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I have reviewed your appeal and initial review response by CFSM Kelley, while speaking with appropriate staff and reviewing relevant records. I write at this time to advise you that I concur with CFSM Kelley and his initial review response, while expanding upon it.

Within your narrative to my level, you assert that CFSM Kelley erred when he sought input from FCPD Akinbode and not Imam Ali, based upon your Muslim faith. I can relay that FCPD Akinbode is the Chaplaincy Director at this facility and it is his sole responsibility to determine what does and does not meet religious policy/procedure standards. Hence, CFSM Kelley was correct in the means he garnered his information.

Specific to your inquiry, CFSM Kelley accurately relayed what is notated in your handbook. Under 'Religious Activities' (L., subsection #2(f)), it states that 'inmates may only engage in individual devotional practices in the privacy of their cells/dormitory quarters. The verbiage clearly relates to your request to pray alone, specifically at work, and supports staffs position not to allow it. I will concede that the initial level should not have addressed 'group prayer', as your grievance did not address such. Henceforth, minus any approved religious accommodation request, my staff will ensure the policy provisions of this Department are adhered to and will not make any 'good faith' accommodation, simply based upon your request to do so.

In addition, DC-ADM 819 relays that within security and budgetary limitations and in light of available resources, the Department seeks to accommodate the sincerely held religious beliefs of every inmate. In accommodating religious beliefs, the Department will use the least restrictive means necessary, provided they do not interfere with security priorities and with the normal operation of each facility.

In order to be considered for this accommodation, it is incumbent upon the inmate seeking the accommodation to submit the appropriate request form to his FCPD in order for the request to be considered.

It should also be noted that in accordance with the DC-ADM 804, this writer will not address issues in this response that were not raised at the initial level (i.e. work related misconduct, compensation, etc.).

Based upon what is referenced above, the Facility Manager upholds the initial review response. As a result, and minus any approved religious accommodation request, the relief you seek in the form of being permitted to pray during your 'downtime' at work, is without merit and therefore denied.

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**                         Issued: 1/26/2016  Effective: 2/16/2016

FW9448    Grievance #:829861

LEACH, MUHAMMAD                                                                              Page1 of 2



# Facility Manager's Appeal Response

SCI Coal Township
1 Kelley Dr
Coal Township, PA, 17866-1020

12/09/2019 11:52

---

☑ **Frivolous:**

Inmate claims lack any arguable basis in law, fact and/or policy.

| Signature: | _[signature]_ |
|---|---|
| Name | T. Mcginley |
| Title: | Facility Manager |
| Date: | 12/9/19 |

CC: DC-15
   File

Deputies(2)
Majors(2)
Mr. Kelley
Mr. Gatewood (DB)

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 2 - Appeals, Attachment 2-B**                    Issued: 1/26/2016  Effective: 2/16/2016

FW9448    Grievance #:829861

LEACH, MUHAMMAD                                              Page2 of 2

<u>Inmate Appeal to Final Review</u>

<u>GRIEVANCE</u>

Muhammad Leach   FW-9448   S.C.I. Coal Township   December 15, 2019    # 829861

APPEAL STATEMENT

The Facility Manager's response was not fact based as it appeared upon the face of his arguement. However, upon my review of the latest copy of the S.C.I. Coal Township (2020) handbook I attempt to review under the Religious Activities section ( L subsection #2(f)). I discovered based upon my copy of the handbook that section "L" is not within it and /or does not exist . Mr. McGinley has clearly and /or deliberately over looked my response solely to fit his counter claim for justification to deny my grievance. However within my response I brought to the attention relevant case law to support my claim, and it applied as it was directly related to the claim I raised. Arbitrarly, I am being denied without true Due Process. The standards of RLUIPA are set in place as a direct result of matters such as this, with regards to Muslim practices within the State Correctional Systems. Everything that I grieved is of no security threat, nor interfere with any dietary day-to-day operations.

Mr. McGinley's response is tandumount to fraud by misrepresentation of material facts. Attached here to, along with copies of all fillings, is a true and correct copy of the entire section of Religious Activities (DC ADM 819) reffered to by Mr. McGinley, as proof of a non-existant section, and language quoted for his denial.

Furthermore, Mr. McGinley has either failed to read the initial grievance or is completely fabricating a paper trail on his part because based upon the initial grievance –Relief Sought– was added and states: <u>"Monetary Compensation for interference and /or transfer to S.C.I.</u> <u>Phoenix"</u>. And as proof of the acknowledgment of relief requested is that CFSM Kelley stated with in his denial that: "your request for monetary compensation and /or a transfer are denied". Mr. McGinley's response is completely backed by nothing, just his denial.

<u>Relief Requested:</u>

1) Full compensation for all days absent from work, at the full pay rate(hourly) as well as at rate (.42)
2) Full compensation for the retaliatory conduct /actions by Mr. Kelley in the form of $5,000 and /or an immediate transfer to SCI Pheonix
3) To be free from further retaliation against me for excercising my right as a devoted muslim.



**Final Appeal Decision**

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

01/09/2020 07:38



| Inmate Name: | LEACH, MUHAMMAD | DOC #: | FW9448 |
|---|---|---|---|
| SCI Filed: | Coal Township | Current SCI: | Coal Township |
| Grievance #: | 829861 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision:Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal, and relief sought.

**Response:**

You claim in your grievance that the dietary department refused to allow you to pray. An investigation was conducted regarding your allegations. The record reflects that you filed your grievance in October. The record reflects that direction was provided to staff to permit inmates to pray. The direction provided indicated that you can submit a Religious Accommodation Request for review. It is suggested that you contact your FCPD to make your request. The grievance is denied because at that time, staff were following the direction that was in place at that time. Hopefully, since new direction was provided and your request will be reviewed by the committee, this will no longer be an issue. Thank you for your patience. Your requested relief is denied.

The institution was contacted and there is no record of you submitting a religious accommodation request.

☑ **Overturn:**
The grievance was not found frivolous at the initial level.

| Signature: | *[signature]* |
|---|---|
| Name: | Dorina Varner |
| Title: | Chief Grievance Officer |
| Date: | *[illegible]* |

CC: DC-15/Superintendent - Coal Township
       Grievance Office

DC-804
Part 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

| FOR OFFICIAL USE |
| X54320 |
| GRIEVANCE NUMBER |

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Trisha Kelly | SCI Coal township | 2-27-20 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| Muhammad Leach JFW 6448 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| Electrical 5 | DB 2043 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 2-14-20, Dietary staff Kelley, Daya, Rich, and Davis retaliated against me by removing me from my Dietary work assignment because I spoke with administration about them denying me my right to equal protection and right to practice my religion. My current work assignment at electrical maintenance pays less, .42/7hours, than my work assignment dietary. It is my intentions to file a civil complaint in both state and federal court for claims of retaliation, denial of my right to equal protection, and denial of my right to practice my religion. I am seeking damages in the amount of $75,000.00 for compensatory damages, and $125,000.00 for punitive damages against each party mentioned herein.

Relief sought: all damages mentioned herein, and permanent transfer to SCI Phoenix.

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator

3/4/20

Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-A*



## Initial Review Response

SCI Coal Township
1 Kelley Dr
Coal Township, PA, 17866-1020

03/16/2020 10:05

| Inmate Name: | LEACH, MUHAMMAD | DOC #: | FW9448 |
|---|---|---|---|
| Facility | Coal Township | Unit Location: | D / B |
| Grievance #: | 854220 | | |

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows:

**Decision:Grievance Denied**

It is the decision of this Grievance Officer to uphold, deny, or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, a summary of the conclusion, any action taken to resolve the issue(s) raised in the grievance, and the relief sought.

**Response:**

Mr. Leach, I have read your grievance and reviewed the available documentation regarding the concerns you note within.

Mr. Leach, in your grievance you state that you are being denied the ability to participate in prayer while you are at your work assignment. Additionally, you claim that you were removed from the work assignment due tot eh fact that you spoke to the administration about this and you were removed in retaliation for doing do. You state that your civil rights are being violated and that you are seeking monetary compensation and the ability to pray at work as resolution for this grievance. You further state that you will pursue your case in a civil court as well and would like a transfer to SCI-Phoenix.

Mr. Leach, in preparing this response I spoke at length with Mr. Kelley, CFSM. In my conversation with Mr. Kelley, I questioned him regarding the rationale for your removal from Food Services. In his response Mr. Kelley informed me that you and he had lengthy conversations regarding your desire to be granted the ability to pray while at work. You were instructed on the process for this approval on numerous occasions. During these conversations, you vocalized to Mr. Kelley that at the advisement of your attorney, you were requesting a change in work assignment until your civil case regarding this subject was resolved. Based on that request, you were transferred to the Electrical detail at the same pay rate you were in the kitchen. You suffered no loss of income for this change.

In regards to your wish to be granted the ability to pray at work, I am going to reiterate the recommendation that Food Service Staff have already given you. I have spoken to Rev. Akinbode, FCPD at Coal Township, as well as Rev. Ulli Klemm, Religious Services Administrator at Central Office. The direction for all dominations who wish to prayer during their work hours is that a Religious Accommodation Request for this ability needs to be submitted and reviewed at the local level. Once this is done the recommendation of the institution is submitted to the Religious Accommodation Committee at Central Office for their review. When a decision is rendered by this committee it will be relayed to you. If approved, your work supervisor will be notified so the proper work site accommodations can be made. This direction is from Rev. Klemm. In regards to your status in this process, Rev. Akinbode has informed me that you have yet to submit the necessary request and begin the review process. There is nothing on file that you have started this process.

Mr. Leach, based on the above information, your grievance and all relief sought is denied. If it is your intent to request

---

**DC-ADM 804, Inmate Grievance System Procedures Manual**

**Section 1 - Grievances & Initial Review, Attachment 1-D**          Issued: 1/26/2016  Effective: 2/16/2016

FW9448     Grievance #:854220

LEACH, MUHAMMAD                                                        Page1 of 2



**Initial Review Response**

SCI Coal Township
1 Kelley Dr
Coal Township, PA, 17866-1020

03/16/2020 10:05

this accommodation, I recommend you contact either Imam Ali or Rev. Akinbode to begin the process.  Additionally, I am deeming this grievance as frivolous since your removal from working in the kitchen, your chief complaint in your grievance, was done at your request.

☑ **Frivolous:**

I am deeming this grievance as frivolous since your removal from working in the kitchen, your chief complaint in your grievance, was done at your request.

| Signature: | |
|---|---|
| Name: | A. Luscavage |
| Title: | DSCS |
| Approver: | P. Kelley |
| Date: | 3/16/2020 |

CC:   Facility Grievance Coordinator
       DC-15

*Gatewood*

Muhammad Leach #FW-9448
DB 2048
SCI Coal Twp
1 Kelley Drive
Coal Township, Pa 17866

FILED: _____

March 19, 2020
Grievance No. 854220

## GRIEVANCE APPEAL TO FACILITY MANAGER

TO THE FACILITY MANAGER OF THE SAID SCI:

1. Grievant, Muhammad Leach, hereby submits this appeal in accordance with the inmate grievance system procedures manual, DC-ADM 804 Section2, Attachment 2-A, and in support thereof respectfully alleges the following:

### PROCEDURAL HISTORY

2. On 2-27-20, Grievant filed an initial grievance seeking administrative relief.

3. On 3-16-20, acting grievance officer, A. Luscavage, erroneously denied grievant's initial grievance.

4. AND NOW, GRIEVANT FILES THIS TIMELY APPEAL TO FACILITY MANAGER.

### ELIGIBILITY FOR RELIEF

5. Grievant is entitled to relief under a number of different legal standards including, but not limited to; constitutional standards, standards of state law and eligibility for administrative relief, and standards applicable to claims of violations of PA DOC's polices and PA DOC's code of ethics.

### FACTS

6. Grievant incorporates all the allegations outlined in his initial grievance, as fully set forth in this Appeal to Facility Manager and /or designated staff, and proffers additional supporting facts:

7. On 2-14-20, Dietary staff Kelley, Daya, Inch, and Davis retaliated against me by removing me from my dietary work assignment because I spoke with administration about them denying me my right to equal protection and right to practice my religion by refusing to to allow me to offer the prescribed prayers at there fixed times. My current work assignment is electrical maintenance. It pays less, $.42/7 hours, than my work assignment in dietary.

1 of 2

QUESTION(S) PRESENTED

8.  Grievant presents the following questions for review:

I. Was grievant's rights to equal protection and practice his religion violated where dietary staff refused to allow him to offer compulsorary prayers at there fixed times?

II. Was grievant's right to be free and protected from cruel and unusual punishment violated where dietary staff retaliated against me for exercising my right to grievance their unconstitutional practices by removing me from my dietary work assignment to electrical maintence work assignment for lessor pay?

CONCLUSION

As outlined herein, Grievant's rights to equal protection, practice his religion, and to be free and protected from cruel and unusual punishment, where prison officials retaliated against him after he had spoken with administration about them refusing to allow him to offer prescribed prayers at there fixed time by removing him from dietary work assignment to electrical maintenance work assignment at a lessor pay.

RELIEF SOUGHT

10.  WHEREFORE, Grievant requests the following:

a.  That pecuniary damages be awarded in the amount of $75,000.00 for compensatory damages, and $125,000.00 for punitive damages, a total of $200,000.00;

b.  That all relevant documentation be preserved for future civil litigation;

c.  That institutional policies and /or rules be put in place in order to deter such behaviors in the future;

d.  That grievant be permanently transferred to SCI Phoenix.

Respectfully Submitted,

Muhammad Leach

 

### Facility Manager's Appeal Response

SCI Coal Township
1 Kelley Dr
Coal Township, PA, 17866-1020

03/24/2020 02:28

| Inmate Name: | LEACH, MUHAMMAD | DOC #: | FW9448 |
|---|---|---|---|
| Facility: | Coal Township | Unit Location | D/B - 2048 02 |
| Grievance #: | 854220 | | |

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted above. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

**Decision:Uphold Response**

It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

I have reviewed your appeal and initial review response by Deputy Luscavage, while speaking with appropriate staff and reviewing relevant records. I write at this time to advise you that I concur with Deputy Luscavage and his initial review response, as he poignantly addressed all concerns at the initial level. At my level, you provide nothing further to warrant a different response.

Some of these issues, specific to prayer at work and the processes associated with the approval of such, were previously addressed via grievance response #829861. As it pertains to your assertion that Food Service staff were previously retaliatory in their decision to reassign you from your Food Service position to the Electrical detail, staff statements and records clearly refute such. As noted at the initial level, you were reassigned at you own request and this is verified via CFSM Kelley and employment records. In addition, your assertion that you are not receiving the same pay rate as you did in Food Service is simple false. Your pay rate has not changed; however, due to the scope of your new position, your new hours of work aligned with that position, which decreased work hours of pay from 8 to 7 per day. As previously relayed, your position changed at your request; hence, your point of retaliation is moot.

Based upon what is referenced above, the Facility Manager upholds the initial review response. As a result, the relief you seek in the combined monetary form of $400,000.00, to include a transfer to SCI Phoenix, is without merit and therefore denied.

☑ **Frivolous:**

Inmate claim lacks any arguable basis in law, fact and/or policy.

| Signature: | *[signature]* |
|---|---|
| Name: | T. McGinley |
| Title: | Facility Manager |
| Date: | 3/24/20 |

CC:

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 2 - Appeals, Attachment 2-B    Issued: 1/26/2016 Effective: 2/16/2016

FW9448    Grievance #:854220

LEACH, MUHAMMAD    Page1 of 2



### Facility Manager's Appeal Response
SCI Coal Township
1 Kelley Dr
Coal Township, PA, 17866-1020

03/24/2020 02:28

DC-15
File

Deputies (2)
Majors (2)
Mr. Gatewood (DB)

Muhammad Leach #FW-9884
DB 2048
SCI Coal Twp
1 Kelley Dr.
Coal Township, PA 17866

March 26, 2020

Grievance No. 854220

### GRIEVANCE APPEAL TO CHIEF GRIEVANCE OFFICER

TO THE CHIEF GRIEVANCE OFFICER:

1.   Grievant Muhammad Leach hereby files this appeal in accordance with the Inmate Grievance System Procedures Manual, DC-ADM 804§ 2, Attachment 2-A, and in support thereof, respectfully submits the following:

### PROCEDURAL HISTORY

2.   On 2-27-20, Grievant filed an initial grievance seeking administrative relief.

3.   On 3-16-20, acting Grievance Officer, A. Luscavage, erroneously denied Grievant's initial grievance.

4.   On 3-19-20, Grievant filed a Grievant Appeal to Facility Manager.

5.   On 3-24-20, SCI Coal Twp Facility Manager, T. McGinley, upheld the initial grievance response.

6.   AND NOW, Grievant files this timely Grievance Appeal to Chief Grievance Officer.

### ELIGIBILITY FOR RELIEF

7.   Grievant is entitled to relief under a number of different legal standards including, but not limited to: constitutional standards, standards of state law and eligibility for administrative relief, and standards applicable to claims of violations of PA DOC Policies and PA DOC Code of Ethics.

### FACTS

8.   Grievant incorporates all the allegations outlined in his initial and appellate grievance, as fully as forth in this Grievance Appeal to Chief Grievance Officer and/or its designated staff, and proffers additional supporting facts:

9.   On 2-14-20, Dietary Staff Robert Kelley, Diane Daya, Inch, and Jacob Davis retaliated against Grievant by removing him from his dietary work assignment after he had spoken with administration about them denying him his right to equal protection and his right to practice his religion when they all refused to allow him to offer the prescribed prayers at there fixed times. Grievant's current work assignment is electrical maintenance, which pays less, $0.42/7 hours, than his previous work assignment in dietary.

QUESTION(S) PRESENTED

10.  Grievant presents the following questions for review:

I. Was Grievant's rights to equal protection and practice his religion violated where Dietary Staff refuse to allow him to offer compulsorary prayers at there fixed times?

II.  Was Grievant's right to be free and protected from cruel and unusual punishment violated where Dietary Staff retaliated against him for exercising his right to grievance about their unconstitutional practices by removing him from his dietary work assignment to electrical maintenance work assignment with lessor pay?

CONCLUSION

11.    As outlined herein, Grievant's rights to equal protection, practice his religion, and to be free and protected from cruel and unusual punishment were violated where prison officials retaliated against him after he had spoken with administration about them refusing to allow him to offer prescribed prayer at there fixed times by removing him from his dietary work assignment to electrical maintenance work assignment at a lessor pay.

RELIEF SOUGHT

12.  WHEREFORE, Grievant requests the following:

a. that pecuniary damages be awarded in the amount of $75,000.00 for compensatory damages, and $125,000.00 for punitive damages, a total of $200,000.00;

b. that all relevant documentation be preserved for future civil litigation;

c. that institutional policies and/or rules be put in place in order to deter such behaviors in the future;

d. that Grievant be permanently transferred to SCI Phoenix.

Respectfully Submitted

Muhammad Leach

48



# Final Appeal Decision

Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

04/21/2020 10:37

| Inmate Name: | LEACH, MUHAMMAD | DOC #: | FW9448 |
|---|---|---|---|
| SCI Filed: | Coal Township | Current SCI: | Coal Township |
| Grievance #: | 854220 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

## Decision:Uphold Response

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, Uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

You claim in your grievance that you are denied the ability to participate in prayer while you are at your work. You also claim that you were removed from the work assignment due to you speaking with administration about this and you were removed in retaliation for doing do. An investigation was conducted regarding your allegations. The record reflects that CFSM Kelley was interviewed. The record reflects that CFSM was asked about your removal from food service. The record reflects that he reported that you and he had lengthy conversations regarding your desire to be granted the ability to pray while at work. The record reflects that you were instructed on the process for this approval several times. The record reflects that during these conversation you asked for a change in your work assignment until your civil case was resolved. The record reflects that your request was granted and you were transferred to the electrical detail at the same pay rate you were in the kitchen. You have failed to provide any evidence that you were retaliated against when you asked to be transferred to another job. Therefore, your grievance is denied as well as your requested relief.

☑ **Frivolous:**
This office agrees with the finding.

| Signature: | Keri Moore for |
|---|---|
| Name: | D Varner |
| Title: | Chief Grievance Officer |
| Date: | 4/21/20 |

cc: DC-15/Superintendent - Coal Township
Grievance Office

DC-ADM 804, Inmate Grievance System Procedures Manual

Section 2 - Appeals, Attachment 2-F

Issued: 1/26/2016  Effective: 2/16/2016

FW9448   Grievance #:854220

LEACH, MUHAMMAD

Page1 of 1

## STATEMENT OF VERIFICATION

I have read this complaint and hereby verify under the penalties of perjury that the matters alleged herein are true and correct, except as to those matters alleged on information and belie, and as to those, I believe them to be true and correct to the best of my knowledge.

Date of Execution:  _8/6/20_

Respectfully Submitted,

Muhammad Leach,
Pro Se Plaintiff
DC# FW-9448
1 Kelley Drive
Coal Township, PA 17866

Muhammad Leach, FW-9448
SCI-Coal Twp
1 Kelley Drive
Coal Township, PA 17866


August 5, 2020


Office of the Clerk
United States District Court
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501


Dear Clerk:

Please find enclosed the following:

* 5 copies of 1983 Complaint
* 5 copies of 285 U.S. Marshal Service Forms
* 5 copies of Notice of a Lawsuit and Request to Waive Service of a Summons
* 5 copies of Waiver of the Service of Summons
* 1 copy of Application to Proceed in Forma Pauperis


Sincerely,

Muhammad Leach



US POSTAGE >> PITNEY BOWES

$ 008.25⁰

ZIP 17866
02 4W
0001365961 AUG 10 2020

PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use

Label 107R, May 2014

INMATE MAIL
PA DEPT. OF CORRECTIONS

Office of the Clerk
United States District Court
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501

Muhammad Leach, FW-9448
SCI-Coal Twp
1 Kelley Drive
Coal Township, PA 17866

RECEIVED
SCRANTON

AUG 1 2 2020

PER_____
DEPUTY CLERK

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

LA8400R Aug. 2013
7690-17-000-0669

9114 9999 4431 4734 7068 53